**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**HUMAN REGENERATIVE TECHNOLOGIES LLC, SKYE ORTHOBIOLOGICS LLC,**

***Plaintiffs*,** **Case No. 5:24-CV-00147-JKP**

**v.**

**PRECISION ALLOGRAFT SOLUTIONS, LLC, ALAMO BIOLOGICS, LLC, DOROTEA HOLDING CO., LLC, A. LEE ANDREWS, DOES 1-10,**

***Defendants*.**

**ORDER**

Plaintiffs Human Regenerative Technologies LLC and Skye Orthobiologics LLC ("Plaintiffs") filed two motions now before the court: (1) Plaintiffs' Amended Motion for Appointment of Constables to Serve Writ of Execution, (*ECF No. 149*); and (2) Plaintiffs' Motion for Appointment of Receiver and for Turnover Orders, (*ECF No. 150*). Defendants filed no response to the two motions. Upon consideration, the Court will deny Plaintiffs' two Motions, (*ECF Nos. 149, 150*), without prejudice to refiling.

**BACKGROUND**

On June 26, 2025, the Court entered the parties' Agreed Judgment in this matter. *ECF No. 130*. Per the Agreed Judgment:

> Plaintiffs Skye Orthobiologics LLC and Human Regenerative Technologies, LLC shall recover jointly and severally from Defendants Precision Allograft Solutions, LLC; Alamo Biologics, LLC; Dorotea Holding Co., LLC; and A. Lee Andrews THREE MILLION FOUR HUNDRED FIFTY THOUSAND AND NO/100 ($3,450,000.00), plus interest on any unpaid amount at the legal rate until paid.

*Id*. On June 4, 2026, Defendant Alamo Biologics LLC filed its Suggestion of Bankruptcy, reporting it filed for relief under Chapter 11, in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division, and was assigned Case No. 26-51549. *ECF No. 148*.

In the two motions now before the Court, (*ECF Nos. 149, 150*), Plaintiffs seek to execute on the Agreed Judgment against Defendants Precision Allograft Solutions LLC, Dorotea Holding Co. LLC, and A. Lee Andrews, none of which have filed for bankruptcy.

**DISCUSSION**

**I. Plaintiffs' Amended Motion for Appointment of Constables to Serve Writ of Execution, (*ECF No. 149*).**

Regarding Plaintiffs' Amended Motion for Appointment of Constables to Serve Writ of Execution, (*ECF No. 149*), federal courts—including U.S. District Judge David A. Ezra—have highlighted differences between federal and state procedure in enforcing a judgment through a writ of execution. As described by Judge Ezra:

> Federal law for enforcing a judgment through a Writ of Execution differentiates from the Texas procedure in two ways. First, instead of a sheriff or constable being responsible for levying the Writ, a U.S. Marshal, or his or her deputy, carries out the Writ to enforce a court's judgment. 28 U.S.C. § 566(c) ("Except as otherwise provided by law or Rule of Procedure, the United States Marshals Service *shall execute all lawful writs,* process, and orders issued under the authority of the United States, and shall command all necessary assistance to execute its duties." (emphasis added)); *see also id.* § 566(a) ("It is the primary role and mission of the United States Marshals Service to provide for the security and to obey, execute, and enforce all orders of the United States District Courts, the United States Courts of Appeals, the Court of International Trade, and the United States Tax Court, as provided by law."). . . .

*Amron Intern. Diving Supply, Inc. v. Hydrolinx Diving Commun., Inc.*, No. 5:12-CV-01189-DAE, 2014 WL 1652600, at *5 (W.D. Tex. Apr. 24, 2014).

The Eleventh Circuit Court of Appeals has also found district courts lack authority under Rule 69(a) of the Federal Rules of Civil Procedure to order county officials to levy on de-

fendants' property and that only a U.S. marshal can levy on their property. This Court recognizes opinions from the Eleventh Circuit Court of Appeals are not binding on the Court. Still, the Court finds its assessment of this issue, like Judge Ezra's assessment, to be informative.

As explained by the Eleventh Circuit:

> [Federal Rule of Civil Procedure] 69(a) addresses writs of execution in postjudgment proceedings in federal courts. *See* Fed. R. Civ. P. 69(a)(1). Under Rule 69(a), "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." *Id.* Thus, the amended money judgment here is enforced by way of a writ of execution.[7] The question in this appeal, though, is who can carry out the writ of execution and levy on Defendants' property: stated another way, who can execute the federal writ.
>
> A federal statute expressly addresses who can execute the federal writ of execution. Specifically, 28 U.S.C. § 566 provides that "[e]xcept as otherwise provided by law or Rule of Procedure, *the United States Marshals Service* shall execute all lawful writs, process, and orders issued under the authority of the United States . . ." 28 U.S.C. § 566(c) (emphases added). Plaintiff has failed to point us to any statute or procedural rule providing that someone other than a U.S. marshal may levy on property in the course of executing a federal writ, and we can find none.[8] Thus, we conclude that, under Rule 69(a) and § 566(c), only a U.S. marshal may execute the federal writ of execution by levying on and selling Defendants' property.[9]
>
> We recognize that Rule 69(a) also provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* Rule 69(a) therefore adopts state procedures for execution only to the extent that there is no applicable federal statute or rule. *See id.;* 12 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3012 (2d ed.1992).[10] But, as noted above, there is a federal statute stating that the U.S. Marshals Service "shall execute all lawful writs," and thus, that federal statute governs here. *See* 28 U.S.C. § 566(c); *see also Yazoo & M.V.R. Co. v. City of Clarksdale,* 257 U.S. 10, 18, 24 [] (1921) (interpreting Rule 69's predecessor, § 916 of the Revised Statutes, and determining that judgment creditors were entitled only to remedies "similar" to those of the state court and that the officer executing a federal writ of execution "*must* be the marshal, and not the sheriff" (emphasis added)); Fed. R. Civ .P. 69(a), advisory committee notes (providing that Rule 69 follows in substance former 28 U.S.C. § 727, the predecessor of which was R.S. § 916).[11]

*Branch Banking & Tr. Co. v. Ramsey*, 559 Fed. Appx. 919, 923–24 (11th Cir. 2014) (un-

published).

Plaintiffs appear to impermissibly ask the Court to appoint "Mark Vojvodich, Constable Precinct 3 of Bexar County, and Malcom Watson, Constable Precinct 4 of Medina County, to serve the Writ of Execution . . . as to only Precision Allograft Solutions, LLC, Dorotea Holdings Co., LLC and A. Lee Andrews." *ECF No. 149*. Considering this, and the authorities discussed above, the Court invites Plaintiffs to either provide proper authority with legal citations regarding their interpretation of the relevant statutes, or to resubmit this Motion requesting the U.S. Marshals execute the writ of execution.

Accordingly, Plaintiffs' Amended Motion for Appointment of Constables to Serve Writ of Execution, (*ECF No. 149*), will be denied without prejudice.

## II. Plaintiffs' Motion for Appointment of Receiver and for Turnover Orders, (*ECF No. 150*).

As to Plaintiffs' Motion for Appointment of Receiver and for Turnover Orders, (*ECF No. 150*), the Court also finds Plaintiffs' briefing deficient.

As described recently by a sister district court:

> A federal court may enforce a money judgment "in accordance with the practice and procedure of the state in which the district court is held." Fed. R. Civ. P. 69(a).
>
> The Texas Turnover Statute "is 'the procedural device [in this state] by which judgment creditors may reach assets of a debtor that are otherwise difficult to attach or levy on by ordinary legal process.'" *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 426 (5th Cir. 2006) (quoting *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991)).
>
> Under the Texas Turnover Statute, a judgment creditor is "entitled to aid from a court of appropriate jurisdiction . . . to obtain satisfaction on the judgment if the judgment debtor owns property . . . that (1) cannot readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." Tex. Civ. Prac. & Rem. Code § 31.002(a).

"To obtain relief under the turnover statute, a judgment creditor must prove: (1) the judgment debtor owns property, including present or future rights to property; (2) the property is not exempt from attachment, execution, or seizure; and (3) the property cannot readily be attached or levied on or by ordinary legal process." *Maiden Biosciences, Inc. v. MPM Med. Inc.*, No. 3:18-cv-1354-D, 2021 WL 1056458, at *3 (N.D. Tex. Mar. 18, 2021) (cleaned up).

The Texas Turnover Statute permits a court to "order the judgment debtor to turn over nonexempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated sheriff or constable for execution." Tex. Civ. Prac. & Rem. Code § 31.002(b)(1).

The statute also provides that the court may "appoint a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." Tex. Civ. Prac. & Rem. Code § 31.002(b)(3).

And Texas Civil Practice & Remedies Code § 64.001(a) provides that "[a] court of competent jurisdiction may appoint a receiver: . . . (2) in an action by a creditor to subject any property or fund to his claim." Tex. Civ. Prac. & Rem. Code § 64.001(a)(2).

But Texas Civil Practice & Remedies Code § 64.001(b) provides that the party seeking appointment of a receiver under Section 64.001(a)(2) "must have a probable interest in or right to the property or fund, and the property or fund must be in danger of being lost, removed, or materially injured." Tex. Civ. Prac. & Rem. Code § 64.001(b).

The United States Court of Appeals for the Fifth Circuit has explained that "a receivership is a remedy for taking possession of a judgment debtor's property." *Netsphere, Inc. v. Baron*, 703 F.3d 296, 306 (5th Cir. 2012). That is, "receivership may be an appropriate remedy for a judgment creditor who seeks to set aside allegedly fraudulent conveyances by the judgment debtor, or who has had execution issued and returned unsatisfied, or who proceeds through supplementary proceedings pursuant to Rule 69, or who seeks to subject equitable assets to the payment of his judgment, or who otherwise is attempting to have the debtor's property preserved from dissipation until his claim can be satisfied." *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241 (5th Cir. 1997) (cleaned up).

But the Fifth Circuit has explained that "[r]eceivership is an extraordinary remedy that should be employed with the utmost caution and is justified only where there is a clear necessity to protect a party's interest in property, legal and less drastic equitable remedies are inadequate, and the benefits of receivership outweigh the burdens on the affected parties." *Netsphere*, 703 F.3d at 305 (cleaned up); *accord Estate of Price*, 528 S.W.3d 591, 593-94 (Tex. App. – Texarkana

> 2017, no pet.) ("Even though [a] receiver appointed pursuant to section 64.001(a) and (b) of the Texas Civil Practice and Remedies Code is not required to show that no other adequate remedy exists, [t]he appointment of a receiver is a harsh, drastic, and extraordinary remedy, which must be used cautiously." (cleaned up)); *see also Cap. Funding, LLC v. TLTX Holdings, LLC*, No. 2:20-cv-5-Z, 2020 WL 264106, at *4-*5 & n.1 (N.D. Tex. Jan. 17, 2020).
>
> "Factors that courts have considered as indicating the need for a receivership include the following: a valid claim by the party seeking the appointment; the probability that fraudulent conduct has occurred or will occur to frustrate that claim; imminent danger that property will be concealed, lost, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and likelihood that appointing the receiver will do more good than harm." *Santibanez*, 105 F.3d at 241-42 (cleaned up).

*Jackson v. Chick and Seafood Inc.*, No. 3:22-CV-01687, 2026 WL 490393, at 2–3 (N.D. Tex. Jan. 14, 2026), *R. & R. adopted*, No. 3:22-CV-01687, 2026 WL 488758 (N.D. Tex. Feb. 20, 2026).

Plaintiffs have not shown that the Court should grant the extraordinary remedy of appointing a receiver. Plaintiffs offer no evidence that a receivership is necessary to prevent Defendant A. Lee Andrews from dissipating property before they satisfy the Agreed Judgment against them. Nor do Plaintiffs offer evidence or facts to support a finding that any non-exempt property or funds are in danger of being lost, removed, materially injured, concealed, or diminished in value without appointment of a receiver to seize them. Plaintiffs also offer no evidence or facts to support finding that this extraordinary remedy is clearly necessary to protect their interest in non-exempt assets or property that can be used to satisfy the judgment.

## CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** (1) Plaintiffs' Amended Motion for Appointment of Constables to Serve Writ of Execution, (*ECF No. 149*); and (2) Plaintiffs' Motion for Appointment of Receiver and for Turnover Orders, (*ECF No. 150*).

It is **SO ORDERED**.

SIGNED this 28th day of August, 2026.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE